IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELLEN ROSENBLUM, the Attorney              6:14-CV-01926-BR
General for the State of
Oregon; STATE OF OREGON, by                OPINION AND ORDER
and through Ellen Rosenblum,
the Attorney General for the
State of Oregon, the Oregon
Health Authority, and the
Oregon Department of Human
Services; and the OREGON
HEALTH INSURANCE EXCHANGE
CORPORATION, dba Cover
Oregon, an Oregon public
corporation,

   Plaintiffs,

v.

ORACLE AMERICA, INC., a
Delaware corporation; STEPHEN
BARTOLO, an individual;
THOMAS BUDNAR, an individual;
KEVIN CURRY, an individual;
SAFRA CATZ, an individual;
BRIAN KIM, an individual;
RAVI PURI, an individual; and
MYTHICS, INC., a Virginia
corporation,

   Defendants.

1 - OPINION AND ORDER

**DAVID B. MARKOWITZ**
**PETER H. GLADE**
**LISA A. KANER**
**DALLAS S. DELUCA**
**HARRY B. WILSON**
Markowitz Herbold PC
Suite 3000 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204-3730
(503) 295-3085

       Attorneys for Plaintiffs

**BRENNA K. LEGAARD**
**JEFFERY S. EDEN**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR 97204
(503) 222-9981

**KAREN JOHNSON-MCKEWAN**
**ROBERT S. SHWARTS**
**ERIN M. CONNELL**
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

**DORIAN E. DALEY**
**DEBORAH K. MILLER**
**PEGGY E. BRUGGMAN**
Oracle Corporation
Legal Department
500 Redwood Shores, CA 94065
(650) 506-9534

       Attorneys for Defendants Oracle America, Inc.; Stephen
       Bartolo; Thomas Budnar; Kevin Curry; Safra Catz; and
       Brian Kim

**DAYNA E. UNDERHILL**
Holland & Knight LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 243-2300

2 - OPINION AND ORDER

**TIMOTHY D. BELEVETZ**
Holland & Knight LLP
1600 Tysons Boulevard
Suite 700
Tysons Corner, VA 22102
(703) 720-8088

          Attorneys for Mythics, Inc.


**BROWN, Judge.**

     This matter comes before the Court on Plaintiffs' Motion
(#15) to Remand Second Removal, Plaintiff's request for
attorneys' fees, and Defendants' Motion (#9) to Consolidate.  For
the reasons that follow, the Court **GRANTS** Plaintiffs' Motion to
Remand, **DENIES** Plaintiffs' request for attorneys' fees, and
**DENIES as moot** Defendants' Motion to Consolidate.


<u>BACKGROUND</u>

     Although the parties are quite familiar with the facts
underlying this action, the Court sets forth the following
procedural history relevant to the pending Motion to Remand:

     On August 8, 2014, Oracle America, Inc., filed a Complaint
in this Court against the Oregon Health Insurance Exchange
Corporation (Cover Oregon), 3:14-CV-01279-BR (the Federal
Action), asserting claims for breach of contract and *quantum
meruit* and basing federal jurisdiction on the parties' diversity
of citizenship.  Oracle alleged Cover Oregon has not paid for all
of the services that Oracle rendered, "continue[s] to use

3 - OPINION AND ORDER

Oracle's work product[,] and . . . has transferred some or all of
that work product to others in violation of the parties' written
agreements."

On August 22, 2014, Oregon Attorney General Ellen Rosenblum,
the State of Oregon (Oregon), and Cover Oregon filed an action in
Marion County Circuit Court (the State Action) against Oracle,
Mythics, Inc., and six Oracle employees[1] alleging claims for
fraud; breach of contract; breach of the Oregon False Claims Act
(OFCA), Oregon Revised Statutes § 180.750, *et seq.*; and
violations of Oregon Racketeer Influenced and Corrupt
Organizations Act (ORICO), Oregon Revised Statutes § 166.715, *et
seq.*

Also on August 22, 2014, Cover Oregon filed in the Federal
Action a Motion to Dismiss for Failure to State a Claim and
Failure to Join Necessary and Indispensable Party.  Specifically,
Cover Oregon sought dismissal of the Federal Action because
Oracle failed to sue Oregon, who Cover Oregon contended was a
necessary and indispensable party to the Federal Action.

On September 8, 2014, Oracle filed an Amended Complaint[2] in
the Federal Action in which Oracle added Oregon as a defendant
and asserted claims for copyright infringement (against Cover

---

[1] The Oracle employees are Stephen Bartolo, Thomas Budnar,
Kevin Curry, Safra Catz, Brian Kim, and Ravi Puri.

[2] On September 17, 2014, Oracle filed an Amended Corrected
First Amended Complaint (#33) to correct the parties' names.

4 - OPINION AND ORDER

Oregon and Oregon), breach of contract (against Cover Oregon), breach of the implied covenant of good faith and fair dealing (against Cover Oregon), and *quantum meruit* (against Cover Oregon and Oregon).

On September 18, 2014, in light of Oracle's amended allegations in the Federal Action, this Court denied as moot Cover Oregon's Motion to Dismiss (#15) and directed Cover Oregon and/or Oregon to file any motions against the Amended Corrected First Amended Complaint no later than October 2, 2014.

On September 25, 2014, Oracle and Safra Catz removed the State Action to this Court (3:14-CV-01532-BR) on the asserted basis that this Court has jurisdiction over the State Action because of Oracle's copyright claims and state-law claims in the Federal Action and because the claims in the State Action are related to the claims in the Federal Action.

On October 2, 2014, Oregon and Cover Oregon each filed in the Federal Action separate Motions to Dismiss as well as a Joint Motion to Dismiss or, in the Alternative, to Stay.

On October 16, 2014, Plaintiffs in the State Action filed a Motion to Remand the State Action.  On November 18, 2014, while the Motion to Remand was still pending, Defendants filed for the first time in the State Action an Answer, Affirmative Defenses and Counterclaim in which they asserted a Counterclaim for copyright infringement.

5 - OPINION AND ORDER

On November 21, 2014, the Court heard oral argument on
Plaintiffs' Motion to Remand the State Action and at the
conclusion of argument granted the Motion to Remand from the
bench on the grounds that (1) the Court did not have jurisdiction
over the State Action at the time of removal under 28 U.S.C.
§ 1454(a) because the only copyright claims pending at the time
of removal were pleaded in the Federal Action and (2) the Court
did not have jurisdiction over the State Action under § 1454(a)
based on the copyright counterclaim that Oracle asserted in the
State Action after removal.  On November 25, 2014, the Court
issued an Opinion and Order formally granting the Motion to
Remand and remanding the State Action to Marion County Circuit
Court.

On December 2, 2014, Oracle filed a copyright-infringement
counterclaim in the remanded State Action and on that same date
Oracle and Catz again removed the State Action to this Court
(6:14-CV-01926-BR) on the basis that this Court had jurisdiction
pursuant to § 1454 based on that counterclaim.

On December 8, 2014, Oracle also filed Motions to
Consolidate in the State and Federal Actions, which were both
then pending in this Court because of the most recent removal.
On December 10, 2014, however, the Court entered Orders in both
cases noting it was premature for the parties to brief and the
Court to decide the Motions to Consolidate due to the various

6 - OPINION AND ORDER

outstanding Motions to Dismiss pending in the Federal Action.

On December 15, 2014, Mythics filed in the re-removed State Action a Joinder in Defendant Oracle America, Inc.'s and Defendant Safra Catz's Notice of Removal and Mythics, Inc.'s Assertion of Additional, Independent Statutory Basis for Removal of Action.

On December 16, 2014, the Plaintiffs in the "re-removed" State Action filed a Motion to Remand Second Removal that also includes a request for attorneys' fees.

On December 19, 2014, the Court heard oral argument in the Federal Action on Oregon's Motion to Dismiss; the Joint Motion to Dismiss or, in the Alternative, to Stay of Oregon and Cover Oregon; and Cover Oregon's Motion to Dismiss.  At oral argument the Court granted Oregon's Motion to Dismiss, denied Cover Oregon's Motion to Dismiss, and took the Joint Motion to Dismiss under advisement.

On January 13, 2015, the Court issued an Opinion and Order in the Federal Action in which it formally granted Oregon's Motion to Dismiss and denied Cover Oregon's Motion to Dismiss with leave to Oracle to file another Amended Complaint consistent with the Court's rulings.  The Court also granted in part and denied in part the Joint Motion to Dismiss as follows: (1) denied the Joint Motion to dismiss Oracle's copyright-infringement claim on the ground of failure to state a claim;

7 - OPINION AND ORDER

(2) granted the Joint Motion to dismiss Oracle's alternative Fourth claim for *quantum meruit*; and (3) granted the Joint Motion to dismiss the Doe Defendants.

On January 27, 2015, Oracle filed a Second Amended Complaint in the Federal Action.

On February 13, 2015, the Court heard oral argument in the State Action on Plaintiffs' Motion to Remand Second Removal and request for attorneys' fees and took the matter under advisement.

## STANDARDS

28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(b) provides in pertinent part:  "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the

burden to establish that removal is proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014)(quotation omitted).

There is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper."[3] *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)(quotation omitted).


## DISCUSSION

Plaintiffs in the re-removed State Action move to remand on the grounds that (1) the re-removal was not timely, (2) the re-removal contravenes the Supreme Court's prohibition on successive removals, and (3) Oracle's removed copyright claim is "a nullity."  In the alternative, Plaintiffs assert the Court should decline to exercise supplemental jurisdiction over the state-law claims in the re-removed State Action.  Because the Court concludes the re-removal was not timely, the Court does not address Plaintiffs' additional bases for remand.

---

[3] Although Oracle relies on a Seventh Circuit case (*Back Doctors Ltd. v. Metro Prop & Cas. Ins. Co.*, 637 F.3d 827 (7th Cir. 2011)) for the proposition that there is not any presumption against removal, the Ninth Circuit continues to hold that such a presumption exists.

9 - OPINION AND ORDER

I.    **Timeliness of Re-Removal**

Plaintiffs assert the Court should remand the State Action because Defendants filed their December 2, 2014, Notice of Removal after the 30-day deadline set out in § 1446. Specifically, Plaintiffs assert Oracle did not remove this matter within 30 days of the time in which it believed the matter became removable, and Mythics and Catz did not have any right to remove the matter based on Oracle's copyright counterclaim in the State Action.

A.    **Timeliness**

As noted, 28 U.S.C. 1446(b)(1) provides "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  In addition, under § 1446(b)(3) when the initial pleading does not provide a basis for removal, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Accordingly, § 1446 "provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from

10 - OPINION AND ORDER

which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005)(quoting 28 U.S.C. § 1446). The "first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Id.* at 694. The "second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010)(quotation omitted). "Without such a paper, removal is premature." *Owen v. L'Occitane, Inc.*, No. CV 12-09841 MMM JCGX, 2013 WL 941967, at *8 (C.D. Cal. Mar. 8, 2013).

Although "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings" *(Harris*, 425 F.3d at 694), Defendants note that 28 U.S.C. § 1454(a) extended the basis of removability to permit a defendant to remove an action in which "any party asserts a" copyright claim. According to Defendants, therefore, the time to remove the State Action under § 1454(a) began to run only after Oracle actually asserted its copyright-infringement counterclaim in the remanded State Action on December 2, 2014. Because Oracle

11 - OPINION AND ORDER

and Catz re-removed the matter on the basis of § 1454 later that same day, Defendants contend removal was timely.

Plaintiffs, on the other hand, argue Defendants' contention that the 30-day removal period under § 1446 does not begin to run until a defendant has asserted a counterclaim in an action "effectively reads the 30-day time limit of § 1446 out of § 1454." According to Plaintiffs, when Congress enacted § 1454, it did not intend to "fix open the federal courthouse doors for all defendants with a copyright claim. . . . [A] defendant must be timely." *Andrews v. Daughtry*, 994 F. Supp. 2d 728 (M.D.N.C. 2014). Plaintiffs note courts that have addressed the interplay between §§ 1446 and 1454(a) have held the "thirty-day clock [of § 1446] beg[ins] to run when [the defendant] attained 'solid and unambiguous information' that the case was removable – that is to say, when [defendant] had solid and unambiguous information that it could assert a claim" for copyright infringement. *Univ. of Ky. Research Found., Inc. v. Niadyne, Inc.*, No. 13-16-GFVT, 2013 WL 5943921, at *9 (E.D. Ky. Nov. 5, 2013). The *Niadyne* court concluded the defendant's time to remove the state-court action began to run when the defendant was served with the complaint because the defendant then had "solid and unambiguous notice" of the grounds on which the defendant could assert a patent counterclaim. *Niadyne,* 2013 WL 5943921, at *9.

Similarly, in *Andrews* the court found the removal

period began to run on the date on which the defendant became
aware of his potential copyright counterclaim, which was more
than 30 days before the defendant filed his notice of removal.
The court recognized

>    [i]n determining when a defendant knew that a case
>    was one which had become removable, the Fourth
>    Circuit does "not require courts to inquire into
>    the subjective knowledge of the defendant, an
>    inquiry that could degenerate into a mini-trial
>    regarding who knew what and when." *Lovern v. Gen.*
>    *Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997).
>    Instead, courts may "rely on the face of the
>    initial pleading and on the documents exchanged in
>    the case by the parties to determine when the
>    defendant had notice of the grounds for removal,
>    requiring that those grounds be apparent within
>    the four corners of the initial pleading or
>    subsequent paper." *Id.*

*Andrews,* 995 F. Supp. 2d at 733.  In particular, the court noted
"documents exchanged . . . and . . . statements of [defense]
counsel at oral argument . . . demonstrate that [the defendant]
knew [more than 30 days before he filed his notice of removal]
that he claimed ownership of the contested Absent Element songs
and sound recordings under the Copyright Act." *Id.*  Thus,
because the record reflected the defendant knew more than 30 days
before he filed his notice of removal pursuant to § 1454 that he
had a copyright-infringement claim, the court found the removal
was not timely.  *Id.*

        Similarly, in *Mirowski Family Ventures, LLC v. Boston*
*Scientific Corporation* the court found the time for removal began
to run when the defendant had knowledge of its patent-

13 - OPINION AND ORDER

infringement counterclaim.  CIV. WDQ-13-2627, 2014 WL 2574615, at

*5 (D. Md. June 5, 2014).  As in *Andrews*, the court noted:

> To determine when a defendant first had notice of
> grounds for removal, the Court must "rely on the
> face of the initial pleading and on the documents
> exchanged in the case by the parties."  *Lovern v.*
> *Gen. Motors Corp.*, 121 F.3d 160, 162 (4ᵗʰ Cir.
> 1997).  The Court need not "inquire into the
> subjective knowledge of the defendant," but must
> consider only whether grounds for removal were
> "apparent within the four corners of the initial
> pleading or subsequent paper."  *Id*.

2014 WL 2574615, at *5.  The court, however, also noted the

record "indicat[ed] that the defendant had knowledge of its

invalidity counterclaim - the basis on which this case is

allegedly removable - . . . several months before [the defendant]

removed the case."  *Id*.  The court, therefore, found the removal

was not timely.

　　　As Plaintiffs noted in their Reply in support of their

first Motion to Remand State Action (3:14-CV-01532-BR), Oracle

stated in its Response to Plaintiffs' Motion to Remand that

Oracle had "confirmation of the State's infringement [when] Cover

Oregon disclosed in its August 22, 2014, Motion to Dismiss [filed

in the Federal Action] that it had transferred certain portions

of Oracle's code to the State."  Resp. (3:14-CV-01532-BR, #29) at

20.  Moreover, Oracle also stated it could not have asserted a

copyright claim before September 1, 2014, because that was the

date that Oracle "deposited code for registration with the U.S.

Copyright Office."  Oracle, nevertheless, now asserts the 30-day

14 - OPINION AND ORDER

period for removal did not begin to run until Oracle asserted its counterclaim for copyright infringement in the State Action on December 2, 2014, after the first remand.  Oracle maintains, therefore, that its re-removal on December 2, 2014, was timely.

The Ninth Circuit has not addressed when the 30-day period of § 1446 begins to run in the context of a removal based on § 1454.  As noted, however, other courts have addressed the interplay between §§ 1446 and 1454.  For example, in *Donahue v. Tokyo Electron America, Incorporated*, the court analyzed the 30-day deadline set out in § 1446 as it relates to actions removed under § 1454.  No. A-14-CA-563-SS, 2014 WL 4259386 (W.D. Tex. Aug. 27, 2014).  In *Donahue* a discharged employee brought an age-discrimination action against his employer in state court.  His employer filed counterclaims for, among other things, copyright infringement and removed the case to federal court.  The plaintiff moved to remand on the ground that, among other things, the removal was not timely under § 1446.  Although the court ultimately did not decide whether the removal was timely because it concluded the defendant had shown cause for extending the 30-day deadline, the court's discussion of the conflicting interpretations is illuminating.  The court pointed out there were five relevant dates that could be the basis for commencement of the removal period in that case:

> (1) April 4, 2014—the date of the letter from
> Tokyo Electron's counsel indicating they are aware

as of this date (in fact, earlier than this date)
that they have a potential copyright claim against
Donahue for his post-termination use of Tokyo
Electron's videos; (2) April 28, 2014 — the date
Defendants were served with Donahue's state court
lawsuit; (3) May 16, 2014 — the date Defendants
file their Original Answer in state court;
(4) June 10, 2014 — the date Defendants registered
their copyrights, and (5) June 16, 2014 — the date
Defendants filed their Amended Answer and
Counterclaims, including the copyright
counterclaim, as well as their Notice of Removal.

*Id.*, at *4. The court noted the parties' various dates for

commencement of the removal period under § 1446 presented

problems:

Defendants contend the removal is timely because
the triggering date for the 30-day removal period
was June 16 when they filed their counterclaims.
According to Defendants, the case was not
removable until they asserted the copyright
counterclaim, so June 16 must be the triggering
date. This view is problematic for two main
reasons. First, a defendant cannot receive his
own counterclaim as required by § 1446, so
Defendants' view does not comply with the text of
§ 1446. Second, this interpretation would
effectively read § 1446 out of § 1454. The
thirty-day deadlines from § 1446 would mean little
if a defendant could decide when to trigger the
removal clock by asserting a counterclaim in state
court potentially at any point during the
litigation.

Donahue, on the other hand, argues the triggering
date was April 28, the date Defendants were served
with his lawsuit. Donahue highlights the fact
Defendants knew, at least as of April 4, that they
had a copyright claim to assert against Donahue,
and this knowledge, coupled with service of the
lawsuit, was sufficient to trigger the removal
clock, starting on April 28. Since Defendants did
not remove until June 16, the removal was
untimely. The Court sees a few problems with this
view as well. As an initial matter, documents

16 – OPINION AND ORDER

exchanged between the parties prior to the initial pleading may not constitute "other paper" from which the defendant first ascertains the case is removable under § 1446. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). In *Chapman*, . . . the Fifth Circuit was concerned about courts trying to determine what defendants knew at the time they received the initial pleading and what the defendant should have known had it exercised due diligence. *Id*. For instance, in this case, this Court should not expend resources trying to determine if Tokyo Electron knew Donahue was potentially infringing their copyrights by posting videos on his personal website post-termination, when they knew, when they should have known, and so on.

In addition, using April 28 as the triggering date is inconsistent with the text of § 1446. Under § 1446, as traditionally applied, service of the initial pleading triggers the removal clock if it sets forth a claim from which a defendant can ascertain the case is removable. In this case, Donahue's lawsuit for age discrimination under the Texas Labor Code and liability under the Texas Tax Code gives no indication the case is removable.

If the initial pleading did not indicate the case was removable and if Tokyo Electron never received a document in the course of this litigation from which it could first ascertain this case was removable, then a strict application of § 1446 to this case means the removal clock was never triggered. Yet § 1454 clearly allows a defendant asserting a copyright counterclaim to remove. This discussion only highlights the fundamental inconsistency between § 1446 and § 1454.

*Id*., at *4-*5.

Here the record is more like the record in *Andrews* and *Mirowski* than in *Donahue* because Oracle admitted in its Response to Cover Oregon's Motion to Dismiss filed in the Federal Action that Oracle obtained information on August 22, 2014, that

17 - OPINION AND ORDER

Plaintiffs were infringing Oracle's copyrights.  Moreover, even
if Oracle's statement in its Response to Cover Oregon's Motion to
Dismiss in the Federal Action did not trigger the 30-day remand
clock, Oracle amended its Complaint in the Federal Action on
September 8, 2014, and added the copyright-infringement claim
based on the same facts as the copyright-infringement
counterclaim that Oracle eventually alleged in the State Action.
Thus, unlike the court in *Donahue*, neither the Court nor the
parties have to expend any resources to determine whether Oracle
knew Plaintiffs were allegedly infringing its copyrights more
than 30 days before Oracle re-removed the State Action on
December 2, 2014.  Specifically, the record establishes Oracle
"attained 'solid and unambiguous information' that the State
Action was removable - that is to say, [it] had solid and
unambiguous information that it could assert a claim" for
copyright infringement no later than September 1, 2014, which is
the date when it knew Plaintiffs were allegedly infringing its
copyrights and had "deposited code for registration with the U.S.
Copyright Office" or, at the very latest, on September 8, 2014,
when it filed the copyright-infringement claim in the Federal
Action.

Oracle, nevertheless, asserts its re-removal on
December 2, 2014, was timely because § 1446(b)(3) rather than
§ 1446(b)(1) governs in this context.  As noted, § 1446(b)(3)

provides:  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Based on its reading of § 1446(b)(3), Oracle asserts the State Action only became removable after Oracle brought its Counterclaim for copyright infringement in the State Action.

The court in *Donahue* rejected an argument similar to Oracle's in the context of removal under § 1454 and noted "a defendant cannot receive his own counterclaim as required by § 1446(b)(3)."  2014 WL 4259386, at *4.

This Court also previously rejected a similar argument based on 28 U.S.C. § 1441 in *Dulcich, Incorporated v. Mayer Brown, LLP*, 954 F. Supp. 2d 1129 (D. Or. 2013) and concluded "'section 1446's thirty-day clock starts ticking'" when a "'defendant receives enough facts to remove on any basis under section 1441.'"  *Id*. at 1136 (quoting *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1253 (9th Cir. 2006)).  As explained in *Dulcich*:

> While it is true that the Amended Complaint included non-diverse plaintiffs, nothing precluded Mayer Brown from removing this case under § 1446(b)(1) at the time it was served based on Mayer Brown's position that the extraneous plaintiffs were not real parties in interest.  It

19 - OPINION AND ORDER

> is well established that a plaintiff may not
> preclude a defendant from removing a case to
> federal court on the basis of diversity
> jurisdiction by joining parties with no real
> interest in the litigation.
>
> * * *
>
> Mayer Brown chose not to remove this case within
> 30 days after being served with the Amended
> Complaint.  Instead, Mayer Brown filed a motion to
> dismiss in state court and awaited the state court
> order dismissing the claims of the extraneous
> plaintiffs before seeking removal.  By doing so,
> Mayer Brown ran the risk that plaintiffs might
> challenge Mayer Brown's notice of removal as
> untimely.

*Id*.  The Court concludes similar reasoning applies here.

As in *Donahue* and *Dulcich*, the Court finds unpersuasive Defendants' argument that Oracle could "first ascertain" the State Action was removable only after receiving its own Answer alleging a Counterclaim for copyright infringement in the State Action.  Here there is not any question that Oracle could have asserted a copyright-infringement counterclaim in the State Action as early as September 1, 2014, when Oracle knew Oregon Plaintiffs were allegedly infringing its copyrights and Oracle had deposited code for registration with the United States Copyright Office.  Oracle could then have removed the matter properly within 30 days of September 1, 2014.  By failing to file the copyright-infringement counterclaim in the State Action until more than three months after that counterclaim had clearly accrued, Oracle ran the risk that its re-removal would not be

20 - OPINION AND ORDER

timely. *See, e.g., Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)("A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so.").[4]

As noted, the Ninth Circuit has not analyzed the interplay between § 1446 and § 1454. Indeed, as Oracle acknowledged at oral argument there does not appear to be any case in which a court has held the defendant is permitted to choose when to trigger the beginning of the removal period under §§ 1454 and 1446. Having carefully considered the text and interplay of these removal statutes in the context of available case law, the Court concludes the Ninth Circuit is more likely to adopt Plaintiffs' interpretation of the commencement of the 30-day period for removal under § 1446 in the context of removal under § 1454 because, as the *Donohue* court noted, the method promoted by Oracle "would give control to defendants to decide when to trigger the removal clock, thus effectively reading § 1446 out of § 1454. Defendants should not be able to delay their removal clock by choosing to delay asserting a copyright counterclaim."

---

[4] Although *Roth* involves the interplay between § 1441 and § 1446, the Court, nevertheless, finds its reasoning particularly helpful in light of the paucity of Ninth Circuit authority on the issue before this Court.

Accordingly, the Court concludes Oracle's re-removal was not timely.

**B.    Cause to Extend the 30-Day Deadline of § 1446**

Oracle asserts even if its re-removal was not timely, the Court should find cause to extend § 1446's 30-day deadline. In particular, Oracle asserted at oral argument that the Court should find such cause exists because Oracle's first, albeit unsuccessful, removal of the State Action was timely and Oracle acted in good-faith reliance on the copyright claim that Oracle asserted in the Federal Action.  Oracle did not offer any explanation, however, for its failure to assert a parallel copyright-infringement counterclaim in the State Action until December 2, 2014.

Section 1454(b)(2) provides "the time limitations contained in section 1446(b) may be extended at any time for cause shown."  It does not appear that the Ninth Circuit or any district court within the Ninth Circuit has addressed the kind of "cause" a defendant must show to extend the 30-day deadline of § 1446.  Every court that has addressed the issue, however, has concluded  "'[w]hile there is no authority on what constitutes 'cause shown' under 28 U.S.C. § 1454(b)(2) to extend the 30-day time period to remove, at a minimum the standard imposes some burden on the removing party to justify why its tardiness should be excused.'"  *Vermont v. MPHJ Tech. Inv., LLC*, No. 2:14-cv-192,

2015 WL 150113, at *10 (D. Vt. Jan. 12, 2015)(quoting *SnoWizard, Inc. v. Andrews*, No. 12-2796, 2013 WL 3728410, at *6 (E.D. La. July 12, 2013)).  *See also Donahue*, 2014 WL 4259386, at *6 (same); *Niadyne*, 2013 WL 5943921, at *10 (same).  The Court notes the interpretation of "cause shown" by these courts comports with the Ninth Circuit's presumption against removability and the Ninth Circuit's strict construction of removal statutes.

On this record the Court concludes Oracle has not shown cause for its failure to assert a counterclaim for copyright infringement in the State Action and to remove the State Action within the time set out in § 1446.  Accordingly, the Court declines to extend the 30-day deadline of § 1446 within which Oracle was required to remove the State Action.

**II.  Removal by Safra Catz and Mythics**

Defendants assert even if the Court concludes Oracle's re-removal was not timely, Catz and/or Mythics timely filed their Notices of Removal.  Specifically, Defendants note § 1454(b)(1) permits removal when "*any* party asserts a" copyright claim. Thus, even though neither Mythics nor Catz asserted a copyright claim or counterclaim, they argue they can and timely did remove this matter under § 1454 based on Oracle's December 2, 2014, assertion of the copyright counterclaim in the State Action.

Plaintiffs disagree and contend Mythics and Catz do not have any right to remove under § 1454(b)(2) because they do not have

any basis to assert copyright claims or counterclaims. *See Wright & Miller*, 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed.) (citing *Regalado v. City of Chicago*, 946 F. Supp. 560, 561 (N.D. Ill 1996))("[D]efendants to the non-removable claims in a suit containing removable claims against other parties cannot independently initiate a removal of the case."). *See also Rosset v. Hunter Eng'g Co.,* No. C 14-01701 LB, 2014 WL 3569332, at *6 n.3 (N.D. Cal. July 17, 2014) ("[A]llowing only defendants named in federal claims to remove an action . . . based on the court's federal question jurisdiction" is consistent with the protection of the parties and the duty of the court to strictly construe the removal statutes against removal.); *Sylvestre v. Wells Fargo Bank, N.A.*, No. 14-cv-03740-JST, 2014 WL 6872898, at *2 (N.D. Cal. Dec. 4, 2014)(The court remanded when the removing defendant was not party to any federal claim and, therefore, did not have any "interest in having the state law claims brought against it adjudicated in federal court.").

Although Plaintiffs concede the rule barring the defendants to nonremovable claims from independently removing an action containing removable claims against other defendants arises in the context of § 1441(a), Plaintiffs assert the bar applies with equal force to § 1454. Specifically, Plaintiffs note § 1454(b)(1) provides removal "shall be made in accordance with section 1446, except that if removal is based solely on [§ 1454,]

. . . the action may be removed by any party[.]"  Section
1446(b)(2)(A) provides when "a civil action is removed solely
under section 1441(a), all defendants who have been properly
joined and served must join in or consent to the removal of the
action."  Plaintiffs emphasize the provision in § 1454(b)(1) for
removal by "any party" is intended to create an exception to the
rule in § 1446(b)(2)(A) that requires all defendants to join in a
removal, but it is *not* intended to permit a defendant lacking a
removable claim to initiate removal.  Moreover, Plaintiffs
contend Oracle and Catz acted consistently with Plaintiffs'
interpretation of § 1454 in their first Notice of Removal when
Oracle and Catz acknowledged:  "Not all defendants have joined in
this Notice because Section 1454(b) states that removal may be
made by 'any party,' and therefore joinder of all defendants is
not required."

     Neither party cites and the Court has not found any case in
which a court has held a defendant who does not have a copyright
claim or counterclaim can remove an action under § 1454 based on
the copyright counterclaim of another defendant.  In particular,
Oracle conceded at oral argument that there is not any case in
which a court permitted a nonparty to a copyright claim to remove
a case under § 1454 when the party to the copyright claim failed
to remove the case successfully.

     In the absence of Ninth Circuit authority, the Court finds

25 - OPINION AND ORDER

persuasive the reasoning of the *Rosset* and *Sylvestre* courts and adopts those courts' conclusion that "allowing only defendants named in federal claims to remove an action . . . based on the court's federal question jurisdiction" is consistent with the protection of parties and the court's duty to strictly construe the removal statutes against removal. *Rosset*, 2014 WL 3569332, at *6 n.3. *See also Sylvestre*, 2014 WL 6872898, at *2. The Court, therefore, concludes the removal Notices of Mythics and Catz could not make timely Oracle's otherwise late re-removal of the State Action under §§ 1446 and 1454.

Accordingly, on this record the Court grants Plaintiffs' Motion to Remand Second Removal and remands this matter to Marion County Circuit Court.

## III. Request for Attorneys' Fees and Costs

In their Motion to Remand Second Removal Plaintiffs request attorneys' fees and costs related to their Motion to Remand on the ground that Defendants lacked an objectively reasonable basis for removal because the removal was not timely.

### A.    Standard

The Court has discretion "to require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees under § 1447(c) "turn[s] on the reasonableness of the removal. Absent unusual circumstances, courts may award

26 - OPINION AND ORDER

attorney's fees under § 1447(c) only where the removing party
lacked an objectively reasonable basis for seeking removal."
*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[B]ad
faith[, however,] need not be demonstrated." *Moore v. Permanente
Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). An award of
attorneys' fees and costs "is not a punitive award against
defendants; it is simply reimbursement to plaintiffs of wholly
unnecessary litigation costs the defendant inflicted." *Id.* at
447. "The decision to award attorneys' fees and costs pursuant
to § 1147(c) is left to the court's discretion, but the court
must balance Congress' desire to deter unjustified removal while
preserving a defendant's right to remove under appropriate
circumstances." *Demont v. Starbucks Corp.*, No. 10-CV-644-ST,
2010 WL 5173304, at *2 (D. Or. Dec. 15, 2010).

    **B.    Discussion**

       Courts can award attorneys' fees and costs pursuant to
§ 1447(c) for untimely removal. *Anderson v. Babb*, No. CIV 09-
3002-CL, 2009 WL 840191, at *4 (D. Or. Mar. 26, 2009)(citing
*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir.
2006)). As Oracle points out, however, "removal is not
objectively unreasonable solely because the removing party's
arguments lack merit" and the removal is ultimately unsuccessful.
*Columbia State Bank v. Daybreak Estates, LLC*, No. 10-1284, 2011
WL 832132, at *7 (D. Or. Feb. 9, 2011)(citing *Lussier v. Dollar

27 - OPINION AND ORDER

*Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9ᵗʰ Cir. 2008)).  Removal must instead be "frivolous," must be "clearly foreclosed" by case law, or must manifest other objectively unreasonable bases in order to warrant an award of costs.  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9ᵗʰ Cir. 2006).  Thus, Oracle asserts its re-removal was not objectively unreasonable because the arguments of Oracle and Catz "in support of the second removal are made in good faith and upon reasonable grounds.  There is no basis for finding them 'frivolous,' or 'clearly foreclosed' by the case law."

In light of the absence of applicable Ninth Circuit authority, the Court concludes Oracle's re-removal of the State Action was not "clearly foreclosed" by case law.  Indeed, the procedural oddities of these cases thus far do not share much with existing precedent.  Instead it is apparent that the parties to the State and Federal Actions have mutually chosen to exercise their right to litigate virtually every procedural and jurisdictional issue they can present.

Against this background the Court finds an award of attorneys' fees and costs at this early stage of complex litigation would promote unnecessary litigiousness and potentially create an expectation of interim attorney-fee litigation at various stages while these cases move forward on their merits.  The Court, therefore, in the exercise of its

28 - OPINION AND ORDER

discretion, denies Plaintiffs' request for attorneys' fees and costs.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#15) to Remand Second Removal, **DENIES** Plaintiff's request for attorneys' fees, and **DENIES as moot** Defendants' Motion (#9) to Consolidate.

The Court **DIRECTS** the Clerk of Court to remand this matter to the Marion County Circuit Court.

IT IS SO ORDERED.

DATED this 10th day of March, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

29 - OPINION AND ORDER